CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 1 2, 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT E. SAMPSON,<br>    Petitioner, | ) ) ) | Civil Action No. 7:11-cv-00479 |
| v. | ) ) | **MEMORANDUM OPINION** |
| CAPTAIN[1],<br>    Respondent. | ) ) ) | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Robert E. Sampson, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Rockingham County General District Court. The court finds that Sampson has failed to exhaust his state court remedies before filing this federal habeas petition and, therefore, dismisses his petition without prejudice.[2]

## I.

On July 6, 2011, the Rockingham County General District Court convicted Sampson of resisting arrest and sentenced him to 182 days incarceration, with 91 of those days suspended. Sampson did not appeal. Sampson concedes, and state court online records confirm, that he has not pursued a state habeas petition in any state court.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row

---

[1] Sampson does not name a respondent to his petition. However, pursuant to Rule 2(a) of the Rules Governing Section 2254 Proceedings, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Accordingly, the court will substitute the Captain of Rockingham-Harrisonburg Regional Jail, where Sampson is currently confined, as the respondent to this petition. The Clerk is **DIRECTED** to make the substitution on the docket.

[2] Further, Sampson has failed to state a cognizable claim.

felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. <u>See</u> Va. Code § 8.01-654. In this case, it is clear from the face of his petition that Sampson has yet to pursue his claims in the Supreme Court of Virginia. Accordingly, the court finds that Sampson's petition is unexhausted.

### III.

Based on the foregoing, the court dismisses Sampson's instant habeas petition, without prejudice, as unexhausted.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER**: This 12th day of October, 2011.

United States District Judge